**Opinion filed August 6, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-26-00201-CR

_____

## FRANKIE AVALON HARRIS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 012588**

## M E M O R A N D U M   O P I N I O N

On June 6, 2023, the trial court placed Appellant, Frankie Avalon Harris, Jr., on community supervision for five years for the third-degree felony offense of bail jumping and failure to appear. TEX. PENAL CODE ANN. § 38.10(a), (f) (West 2016). The State subsequently filed a motion to revoke Appellant's community supervision. On June 4, 2026, the trial court found the allegations in the State's motion to be "true," revoked Appellant's community supervision, and sentenced him to four years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified that this is a plea bargain case, Appellant does

not have a right of appeal, and Appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). Nevertheless, Appellant's counsel filed a notice of appeal. We dismiss the appeal.

When this appeal was docketed, we notified Appellant that the trial court had certified that (1) this is a plea bargain case in which Appellant has no right of appeal, and (2) Appellant had waived his right of appeal. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). In our letter, we requested that Appellant respond and show grounds to continue the appeal. Appellant's counsel responded and stated that "there are not . . . any grounds for appeal in this matter."

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* CRIM. PROC. art. 44.02. Subsections (A), (B), and (C) are not applicable here. Further, Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of his plea unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

As noted above, the trial court certified that this is a plea bargain case, that Appellant has no right of appeal, and that Appellant waived his right of appeal. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.

                                        W. STACY TROTTER

                                        JUSTICE

August 6, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.